## Charles S. Potter *v.* William M. Graham, Appellant.

*Attachment act of* 1869—*Appeals—Defective assignments—Absence of exceptions.*

Specifications of error are defective, which relate to the action of the court on interlocutory motions arising out of attachment proceedings under the act of 1869, relative to fraudulent debtors and the entry of final judgment, none of which is supported by exceptions of any kind so far as appears from the record.

*Practice, C. P.—Appeals—Motion to dissolve—Discretion of court.*

Proceeding by attachment is in the nature of a motion for summary relief addressed to the sound discretion of the court below, and an appeal does not lie from the action of the court refusing to dissolve the attachment, as that refusal is a matter of discretion.

Testimony taken on the motion to dissolve is for the information of the court on that motion, and is not to be considered in the subsequent proceedings.

*Attachment act of* 1869—*Entry of judgment—Review.*

An objection to the entry of final judgment in attachment proceedings,

has no substantial basis where it appears that the plaintiff filed a statement under the practice act, and served notice thereof on the defendant, and no answer having been filed within the time fixed by the statute, judgment was duly entered for want of a sufficient affidavit of defense.

Argued April 18, 1898. Appeal, No. 121, April T., 1898, by defendant, from judgment of C. P. Greene Co., June T., 1897, No. 40, discharging rule to show cause why the attachment should not be dissolved. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Attachment in assumpsit under the act of 1869. Before CRAWFORD, P. J.

It appears from the record that the plaintiff filed a præcipe for an attachment in assumpsit under the act of March 17, 1869, and its supplements, and also an affidavit setting forth a claim of $500, and averring that the " defendant has removed a part and is about to remove the remainder of his property out of the jurisdiction of the court of common pleas of Greene county, being the court in which this attachment is applied for, with intent to defraud his creditors." An attachment was duly issued. Pursuant to said attachment, the sheriff attached certain chattels and a sum of money in the hands of the South Penn. Oil Company, and made a return.

On May 13, 1897, the defendant moved to quash or dissolve the attachment, and filed an affidavit denying that he had removed a part of his property and was about to remove the remainder out of the jurisdiction, with intent to defraud his creditors, and a rule to show cause was granted.

The court subsequently discharged the rule to show cause why the attachment should not be dissolved. Defendant appealed.

*Errors assigned* among others were (1) discharging the rule. (2) In making the order refusing to approve the bond which the defendant presented, in order to release the property attached.

*A. Leo. Weil*, with him *James E. Sayers* and *Chas. N. Thorp*, for appellant.—This case involves a misapprehension or mistake on the part of the court below, or else a misuse or abuse of judicial discretion.

Is there redress for a defendant, against whom an attachment has been issued under the act of March 17, 1869, who has been deprived of his right to file a bond, and release the attached property, the bond being in due form and the sureties being unobjectionable? Is there redress for a defendant who has been deprived of his right to have the attachment dissolved, in the absence of any proof of the fraud charged against him by the affidavit of plaintiff on which the attachment issued? Can a creditor charge a debtor with fraud, in order to obtain an attachment and a lien upon his debtor's property, and then hold the attachment, despite the debtor's tender of a bond to release the goods attached and the utter absence of proof of the alleged fraud?

" By discretion when applied to a court of justice is meant sound discretion, guided by law. It must be governed by rule, not by humor, it must not be arbitrary, vague and fanciful, but legal and regular." This definition was adopted from Rex v. Wilkes, 4 Burr. 2539.

We contend that the action of the lower court in refusing to approve a bond without any reason whatever, and in refusing to dissolve an attachment when there was no evidence to support it, was not only not the exercise of a sound discretion, but was a wilful and arbitrary act resulting perhaps from a total misconception of the law and the duty of the court in the premises. The court refused to dissolve the attachment, although the evidence not only fails to prove the fraud charged in the affidavit, but completely rebuts any such allegation: Sowers v. Leiby, 4 C. C. R. 223; Strobel & Wilkins Co. v. Lowenstein, 6 Kulp, 476; Miller v. Paine, 2 Kulp, 304.

In Fernau v. Butcher, 113 Pa. 292, we find the purpose of this attachment act stated by Mr. Chief Justice MERCUR.

So here, if the fraud averred has not been sufficiently proved, the attachment should fall: Sharpless v. Zeigler, 92 Pa. 467; Biddle v. Black, 99 Pa. 380; Hoppes v. Houtz, 133 Pa. 34; Hall v. Oyster, 168 Pa. 399; Jones v. Brown, 167 Pa. 395; Moss v. Mitchell, 174 Pa. 517; Johnston v. Menagh, 4 Pa. Superior Ct. 154.

*James J. Purman,* with him *Ray & Axtell, A. F. Silveus, F. J. Fonner* and *W. D. Cotterrel,* for appellee.—There is no

provision in this act for an appeal from the action of the prothonotary, court or judge, upon the question of approval of the bond or application to dissolve the attachment, and the proceedings being purely statutory, and contrary to the course of the common law, and the statute not providing an appeal, no appeal lies, and hence this appeal should be dismissed : Wetherald v. Shupe, 109 Pa. 389 ; Lafferty v. Corcoran, 175 Pa. 5.

In Hall v. Oyster, 168 Pa. 399, the Supreme Court in an attachment proceeding under the act of 1869 said : " This so-called appeal is in fact merely a certiorari, and must be so treated :" Moss v. Mitchell Bros., 174 Pa. 517 ; Johnston & Co. v. Menagh, 4 Pa. Superior Ct. 154.

Of course the court gave " careful consideration to the appeals " aforesaid, but pray in which one of said cases did the appellate court consider the merits, except as disclosed by the record ?   The case at bar is similar to the cases cited and there being absolutely nothing to show an abuse of discretion, this appeal should be dismissed.

· Where there is nothing to show that the court below abused its discretion, there is no power to review it: Market Nat. Bank v. Pacific Nat. Bank, 102 N. Y. 464.

In Johnston v. Menagh, 4 Pa. Superior Ct. 154, this court says : " In this case the court below dissolved the attachment for the reason that the condition of the bond, given by the plaintiff, was not in accordance with the act of assembly."

Has not the court below the same right and power to pass judgment upon the defendant's bond that it had to pass upon the plaintiff's bond ?

The act of May 25, 1887, has been recognized as applicable to actions in assumpsit begun by attachment under act of 1869, and the defendant required to answer by way of affidavit of defense, and not only this but that the court will pass upon the sufficiency of the defense, and enter judgment if insufficient: Werner v. Gross, 174 Pa. 622 ; Smyth v. Miller, 174 Pa. 639.

OPINION BY SMITH, J., July 29, 1898 :

This proceeding was commenced under the act of 1869 relative to fraudulent debtors.   The merits of the plaintiff's claim were conceded, while grounds for the attachment were abundantly shown on the motion to dissolve.   The fraudulent design

of the defendant was manifest throughout.  On this subject
the court below, in refusing to dissolve the attachment said:
" Without going further into the evidence as to his conduct both
preceding the issuing of these attachments and subsequent
thereto, it is sufficient to observe that his attitude toward these
creditors both before and since is manifestly that of a man whose
purpose is to baffle and defraud."   After the attachment was
levied, and while the rule to dissolve was pending, the defend-
ant sold the property attached, by bill of sale, to the Jarecki
Mfg. Co., for whose benefit he continued this defense in his
own name.   Failing to have the attachment dissolved, no de-
fense was put in to the action and judgment by default was
entered for the plaintiff.   The appellant is here with a record
wholly against him on the merits.   It is also fatally defective
for purposes of review.   The specifications of error relate to
the action of the court below on interlocutory motions and the
entry of final judgment, none of which is supported by excep-
tion of any kind, so far as appears by this record.   Therefore
there is nothing properly before us for review.

Considered as an appeal from the action of the court refusing
to dissolve the attachment, it could not be sustained as that was
a matter of discretion.   The proceeding by attachment is in the
nature of a motion for summary relief addressed to the sound
discretion of the court below.   The testimony taken on the
motion to dissolve the attachment was for the information of
that tribunal on the rule to dissolve; and is not to be considered
in the subsequent proceedings.   While we do not review testi-
mony thus taken, we may say that in the present case the court
was entirely justified in discharging the rule.   There is noth-
ing before us to show any abuse of discretion on this question.
The sufficiency of bonds, the validity and regularity of their
execution and the solvency of bondsmen are questions pecu-
liarly for the court whose duty it is to pass upon them.   The
opinion of the court in this case shows that complications arose
through the action of the defendant which might operate un-
justly, had the bond which was presented been approved.   The
approval or disapproval of the bond was clearly a matter of dis-
cretion, in the exercise of which no misuse of power appears.
The objection to the entry of judgment has no substantial
basis.   The plaintiff filed a statement under the practice act

and served notice thereof on the defendant. No answer having been filed within the time fixed by the statute, judgment was duly entered against the defendant for want of an affidavit of defense. This was entirely regular. The defendant having appeared to the action the cause was proceeded with as in actions of assumpsit and, under the act of 1887, the rules of procedure in those actions are applicable here.

The judgment is affirmed.